**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **David Waldron**　　　　　　　　　　　　　CASE NO　**0:10-bk-03144**
**Maria Waldron**
*Debtor(s)*　　　　　　　　　　　　　　　　　　　CHAPTER　**13**

## CHAPTER 13 PLAN

The above-named Debtor (whether one or more) proposes under Chapter 13 of the Bankruptcy Code the following Plan:

The debts of the Debtor duly proved and allowed shall be paid to the holders thereof in accordance with the provisions of the Bankruptcy Code and this Plan.

Debtor hereby submits such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for the execution of the Plan.

The Debtor agrees to pay into the Plan for payment of creditors as set forth in the attached Plan Summary which is hereunto incorporated and made part of this Plan.

Payment of any claim against the Debtor may be made from property of the estate or property of the Debtor.

From the payments so received, the Trustee shall make disbursements in the following order if not otherwise indicated by the attached Plan Summary:

A. **Administrative Expenses:** The Trustee shall first pay the expenses as prescribed by the Court for administering the Plan. The balance, if any, of attorney fees owed to the Debtor's attorney shall be paid concurrently with priority and allowed secured claims, in full, by consecutive monthly installments beginning at the date a Plan is confirmed, and in advance of unsecured creditors. Debtor's attorney reserves the right to make demand at any time for full payment of any balance of attorney fees, and the Trustee shall pay the same ahead of other claims.

B. **Shelter:** In the event the Debtor is in arrears in any payments to a creditor holding a mortgage on the Debtor's home (or is in arrears in any rental to a landlord for the Debtor's place of residence), such delinquent payments shall be made by the Trustee before any distribution is made to General Unsecured creditors.

C. **Priority Claims:** All claims entitled to priority under Section 507 of the Bankruptcy Code will be paid in full in deferred installments unless the holder of such claim agrees to a different treatment of such claim, such payments to be as hereafter specifically scheduled for payment and if not so scheduled, then along with secured claims.

Priority claims for taxes which are deemed unsecured shall not accrue interest or penalty subsequent to the date of filing and such interest or penalty as might otherwise accrue thereafter shall be discharged upon conclusion of this proceeding.

D-1. **Secured Claims:** Secured creditors whose claims are timely filed, duly proved, and allowed, will be paid at least the value of their security. The allowed secured claims shall be paid in such amount as the creditor's contact with the Debtor provides, unless such payments under the plan are insufficient, in which case the secured claims shall be paid as hereafter specifically scheduled for payment, and if not scheduled for specific payment, then on a pro rata basis.

D-2. **Lien Release:** The value, as of the effective date of this Plan, of property to be distributed under the Plan on account of secured claims, is not less than the allowed amount of such claims. The holders of such claims shall retain their liens on the collateral which is security for such claims; except, however, upon a secured creditor receiving from the Chapter 13 Trustee all payments specified in paragraph D herein (regardless of any unpaid unsecured portion), that creditor's lien(s) is satisfied in full, and that creditor shall release its lien(s) or security interest as to anything securing payment thereof, and shall deliver title or appropriate release to the Debtor, except to the extent the Internal Revenue Code, including 26 U.S.C § 6325(a) or the Bankruptcy Code, including 11 U.S.C. § 522(c)(2)(B) operate to provide otherwise, or upon the Debtor receiving a Chapter 13 discharge.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **David Waldron**            CASE NO    **0:10-bk-03144**
       **Maria Waldron**
               *Debtor(s)*                  CHAPTER    **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 1*

---

The status of claims shall be determined in accordance with Section 605 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3002. Claims thought to be secured but which are found by the Court to unsecured will be treated as unsecured.

**E.** **Unsecured Claims:** Unsecured claims shall be divided into two classes, and each claim within a particular class shall receive the same treatment:

     **(1)**    **Special Class**
Unsecured claims classified as "Special" shall be paid 100% of their allowed claims under the plan. These normally include, but are not limited to the following: (a) Claims arising out of consumer debts for which any individual is liable with the Debtor by way of co-signature, guarantee, endorsement or otherwise. (b) Claims based on NSF checks, or any claims which might incur criminal sanction. Such claims may only be paid through the plan upon agreement by the affected creditor. (c) Any other claim that is non-dischargeable in bankruptcy but NOT entitled to priority under Section 507 of the Bankruptcy Code.Such claims can be paid with or without interest as appropriate and shall be paid along with priority and secured claims or as otherwise described in the attached Plan Summary.

     **(2)**    **General Class**
Unsecured claims classified as "General" shall include all creditors holding unsecured nonpriority claims not otherwise designated as being in a "special" class. Payment, if any, is normally on a pro rata basis unless otherwise indicated in the Plan Summary. All allowed claims of this class shall be paid in an amount under the plan which is not less than the amount that would be paid on such claims if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein. In calculating the payments to creditors, there shall not be included payments made by the Trustee on any arrearage for rent or house payments, payments made by the Trustee to the Debtor, any payment made by the Trustee on claims not listed on Schedule D, E or F in these proceedings by the Debtor, nor payments made by the Trustee on post-petition debts. Any General Unsecured claim to be paid in the amount of $50.00 or less may be paid, to such extent, in full, in equal installments, or as the Trustee elects, rather than on a pro-rata basis.

General Unsecured claims may be paid concurrently with priority and secured claims so long as each secured creditor is adequately protected as prescribed by 11 U.S.C. Section 362. Any delinquencies on secured claims, priority claims and Special Class unsecured claims must be brought current before any payments are made on General Unsecured claims.

**F.** **Other:** No interest, penalty, or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on priority, secured and special class unsecured claims if so specified by this Plan and the attached Plan Summary.

All claims by a creditor must be filed within ninety days after the date set for the First Meeting of Creditors and in accordance with Bankruptcy Rule 3002. Debtor reserves the right to file claims on behalf of any creditor at any time during the term of the plan.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
YUMA DIVISION

IN RE: **David Waldron**  CASE NO **0:10-bk-03144**
**Maria Waldron**
*Debtor(s)*  CHAPTER **13**

# CHAPTER 13 PLAN
*Continuation Sheet # 2*

Any specifically scheduled amounts to be paid to creditors are set forth in the "Plan Summary" attached hereto as "Exhibit A" and made a part hereof. The terms "Plan Summary" and "Exhibit A" are used interchangeably herein and refer to the same document.

The Court may from time to time during the period of the plan of repayment, increase or reduce the amount of any of the installments provided by the Plan, or extend or shorten the time for payment where it shall be made to appear, after hearing upon such notice as the Court may designate, that the circumstances of the Debtor so warrant or require; provided, however, that nothing in the plan shall be construed to prevent the granting of a discharge of the Debtor as provided in Section 1328 of the Bankruptcy Code.

The 60 months allowed for repayment of debts shall be determined to be met when the Trustee receives a sum of money equal to the amounts he should have received in 60 months as provided by the Plan, or as the Plan may be amended from time to time.

All property of the estate shall remain as property of the estate subject to the automatic stay of 11 U.S.C. Section 362 until an order of Discharge or Dismissal is entered.

As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor Assumes and/or Rejects the following executory contracts, if any:

1. Reject the executory contracts or unexpired leases with the following creditors:
    **None**

2. Assume (or Assign as noted) the following executory contracts with the following creditors:
    **None**

The plan payment is scheduled at **$2,030.00** which consists of all disposable income of the Debtor. The plan, as proposed, will last for a period of approximately **60** months. Priority creditors shall be fully paid. Secured creditors shall be paid the allowed amount of their collateral. Special class unsecured creditors shall be fully paid. Duly filed and allowed General unsecured claims will receive a pro-rata distribution after payment of the foregoing (unless otherwise indicated in the Plan Summary), which may not pay them in full. Any unpaid balances remaining after the payment provided for herein shall be fully discharged. Based on the information as filed to date, it is estimated that the General Unsecured creditors will be paid approximately **3%** of their allowed claims.

Debtor hereby moves and requests the Debtor be appointed as disbursing agent for the payment of the following debts in the following amounts, or as such amounts may be changed from time to time:

| Creditor Name | Debt Amount | Monthly Payment |
|---|---|---|
| **America's First Credit Union** | **$17,067.00** | **$347.00** |

Such payments shall be made by Debtor in addition to the payments to the Trustee as hereinabove set forth.

| Name of Creditor | Amount Claimed | Value of Collateral | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| **Secured Claims:** | *(Underlined amount indicates amount to be paid under plan)* | | | | | |
| Mr. Carl Urich | $19,000.00 | $0.00 | 0% | Pro-Rata | None | $0.00 |
| Wells Fargo Bank, N.A. | $186,605.52 | $186,605.52 | 4% | $1,561.00 | 1-60 | $93,660.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | $13,529.00 | 4% | Pro-Rata | 1-56 | $14,849.30 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **David Waldron**              CASE NO  **0:10-bk-03144**
       **Maria Waldron**
       *Debtor(s)*                                CHAPTER  **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 3*

---

The information above can also be found on the Chapter 13 Plan Summary (Exhibit "A")

DATED: 04/07/2010                                      **/s/ David Waldron**
                                                        **David Waldron**

                                                        **/s/ Maria Waldron**
                                                        **Maria Waldron**

Cary Ray Lundberg, Bar #025605
Lundberg and Martinez
3575 McCormick Blvd.
Suite F 101
Bullhead City, AZ 86429
Phone: (928) 404-4494
Fax: (928) 404-4675
lundbergcary@hotmail.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA
## YUMA DIVISION

In re:
**David Waldron**
**Maria Waldron**

Debtor(s).

SSN **xxx-xx-8435**    SSN **xxx-xx-6577**

**906 Chaparral Drive North**
**Beaver Dam, Arizona 86432**

Case No. **0:10-bk-03144**

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

☐ Original
☑ **First Amended** Amended
☐ _____ Modified

☑ Plan payments include post-petition mortgage payments

This Plan may affect creditor rights. IF YOU OBJECT TO THE TREATMENT OF YOUR CLAIM AS PROPOSED IN THIS PLAN, YOU MUST FILE A WRITTEN OBJECTION BY THE DEADLINE SET FORTH IN A NOTICE OF DATE TO FILE OBJECTIONS TO PLAN SERVED ON PARTIES IN INTEREST. If this is a joint case, then "Debtor" means both Debtors. This Plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are:
**Wells Fargo objected to the original plan and provided the exact arrearage and principal balance. America's First Credit Union and Debtor's counsel agreed to a value on the exempted car; and AZ Dept. of Revenue submitted a proof of claim. Finally, the first Ch. 13 Plan uploaded was on the old form. The debtors will pay the auto liability directly rather than through the plan.**

(A) **Plan Payments and Property to be Submitted to the Plan.**

   (1) Plan payments start on **May 1, 2010**. The Debtor shall pay the Trustee as follows:

   **$2,030.00** each month for month **1** through month **60**.

   The proposed plan duration is **60** months.
   The applicable commitment period is **60** months. Section 1325(b)(4).

   (2) In addition to the plan payments, Debtor will submit the following property to the Trustee:
   **None.**

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims.**
Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

(1) **Adequate protection payments.** Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditors may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| **None.** | | |

☐ See Section (J), Varying Provisions.

(2) **Administrative expenses.** Section 507(a)(2).

  (a) Attorney fees. Debtor's attorney received **$1,474.00** before filing. The balance of **$0.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

  (b) Other Administrative Expenses.

   ☐ See Section (J), Varying Provisions.

(3) **Leases and Unexpired Executory Contracts.** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

  (a) Assumed:

| Creditor and Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| **None.** | | |

  (b) Rejected:

| Creditor | Property Description |
|---|---|
| **None.** | |

   ☐ See Section (J), Varying Provisions.

(4) **Claims Secured SOLELY by Security Interest in Real Property.** A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's ALLOWED proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent and Property Description | Collateral Value and Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| **Wells Fargo Bank, N.A.** | **$186,605.52** | **$1,561.00** | **$13,529.00** |
| 906 Chaparral Drive N. Beaver Dam | ☐ Debtor will pay direct to creditor; or | | |
| | ☑ Included in Plan payment. Trustee will pay creditor. | | |

☐ See Section (J), Varying Provisions.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property.** Pursuant to § 1325(a), a secured creditor listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Interest Rate |
|---|---|---|---|---|
| **Mr. Carl Urich** 906 Chaparral Drive N. Beaver Dam | **$19,000.00** | **$0.00** | **$0.00** | **0.00%** |

☐ See Section (J), Varying Provisions.

(6) **Priority Unsecured Claims.** All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| **None.** | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **None.** | | |

☐ See Section (J), Varying Provisions.

(7) **Codebtor Claims.** The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **None.** | | |

☐ See Section (J), Varying Provisions.

(8) **Unsecured Nonpriority Claims.** Allowed unsecured nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive NO distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. SHOULD THE CREDITOR FAIL TO FILE AN AMENDED UNSECURED CLAIM CONSISTENT WITH THIS PROVISION, THE TRUSTEE NEED NOT MAKE ANY DISTRIBUTIONS TO THAT CREDITOR.

| Creditor | Property Being Surrendered |
|---|---|
| **None.** | |

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of _____ to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) **Flat Fee.** Counsel for the Debtor has agreed to a total sum of _____ to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- ☐ All of the below, except Additional Services.
- ☐ Review of financial documents and information.
- ☐ Consultation, planning, and advice, including office visits and telephone communications.
- ☐ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ☐ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necesary amendments.
- ☐ Attendance at the § 341 meeting of creditors.
- ☐ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ☐ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☐ Responding to motions to dismiss, and attendance at hearings.
- ☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ☐ Drafting and mailing of any necessary correspondence.
- ☐ Preparation of proposed order confirming the plan.
- ☐ Representation in any adversary proceedings.
- ☐ Representation regarding the prefiling credit briefing and post-filing education course.

**Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

- ☐ Preparation and filing of Modified Plan _____
- ☐ Preparation and filing of motion for moratorium _____
- ☐ Responding to motion to dismiss, and attendance at hearings _____
- ☐ Defending motion for relief from the automatic stay or adversary proceeding _____
- ☐ Preparation and filing of any motion to sell property _____
- ☐ Other _____

All other additional services will be billed at the rate of _____ per hour for attorney time and _____ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include ALL time expended in the case in the separate fee application.

- ☐ See Section (J), Varying Provisions.

(2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of _____ per hour for attorney time and _____ per hour for paralegal time.

- ☐ See Section (J), Varying Provisions.

Case No: **0:10-bk-03144**
Debtor(s): **David Waldron**
**Maria Waldron**

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: [Describe or state none]
**None.**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: [Describe unfiled returns or state not applicable].

**Not applicable.**

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H): **None**

(K) **Plan Payment Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

(1) Trustee's compensation (10% of plan payments) **$12,180.00**
(2) Ongoing post-petition mortgage payments **$93,660.00**
(3) Administrative expenses and claims **$0.00**
(4) Priority claims **$0.00**
(5) Prepetition mortgage or lease arrears, or amount to cure defaults, including interest **$14,849.30**
(6) Secured personal property claims, including interest **$0.00**
(7) Amount to unsecured nonpriority claims **$1,110.70**
**Total of plan payments** **$121,800.00**

(L) **Section 1325 Analysis.**

(1) *Best Interest of Creditors Test:*

(a) Value of Debtor's interest in nonexempt property **$200.00**
(b) Plus: Value of property recoverable under avoiding powers **$0.00**
(c) Less: Estimated Chapter 7 administrative expenses **$0.00**
(d) Less: Amount to unsecured priority creditors **$0.00**
(e) EQUALS: Estimated amount payable to unsecured nonpriority claims if Debtor filed Chapter 7 **$200.00**

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) *Section 1325(b) Analysis:*

(a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income **$339.37**
(b) Applicable commitment period **x 60**
(c) Section 1325(b)(2) monthly disposable income amount multiplied by 60 **$20,362.20**

(M) **Estimated Amount to Unsecured Nonpriority Creditors Under Plan** **$1,110.70**

Dated: **April 7, 2010**

**/s/ David Waldron**
David Waldron, Debtor

**/s/ Maria Waldron**
Maria Waldron, Debtor

**/s/ Cary Ray Lundberg**
Cary Ray Lundberg, Attorney for Debtor

*Rev. 12/09*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **David Waldron**     CASE NO. **0:10-bk-03144**
*Debtor*

**Maria Waldron**     CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 7, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ Cary Ray Lundberg
Cary Ray Lundberg
Bar ID: 025605
Lundberg and Martinez
3575 McCormick Blvd.
Suite F 101
Bullhead City, AZ 86429
(928) 404-4494

---

America's First Credit Union
590 West Mesquite Blvd.
Mesquite, Nevada 89027

Mesa View Regional Hospital
xxx7180
1299 Bertha Howe Avenue
Mesquite, Nevada 89027

Michael A. Bosco, P.A.
Tiffany & Bosco, P.A.
2525 East Camelback Road
Suite 300
Phoenix, Arizona 85016

Arizona Department of Revenue
Special Operations Unit, 7th Floor
1600 West Monroe
Phoenix, Arizona 85007

Mesa View Regional Hospital
xxx7339
1299 Bertha Howe Avenue
Mesquite, Nevada 89027

Mr. Carl Urich
1864 SW Steelhead Road
Crooked River Ranch, Oregon 97760

David Waldron
P.O. Box 313
Beaver Dam, Arizona 86432

Mesa View Regional Hospital
P.O. Box 60000
San Francisco, California 94160

Sears
xxxxxxxxxxxx4603
P.O. Box 6283
Sioux Falls, SD 57117

GE Money Bank
P.O. Box 981127
El Paso, Texas 79998-1127

Mesquite Medical Association
1301 Bertha Howe Avenue
Suite 1
Mesquite, Nevada 89027

Sears Mastercard
xxxxxxxxxxxx5960
P.O. Box 6282
Sioux Falls, SD 57117

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**YUMA DIVISION**

IN RE: **David Waldron**　　　　　　　　　　　　　　　CASE NO. **0:10-bk-03144**
　　　　　　　　　*Debtor*

　　　　　**Maria Waldron**　　　　　　　　　　　　　　　CHAPTER **13**
　　　　　　　　　*Joint Debtor*

**CERTIFICATE OF SERVICE**

(Continuation Sheet #1)

The Home Depot
xxxxxxxxxxxx7008
P.O. Box 653000
Dallas, TX 75265


Wells Fargo Bank, N.A.
xxxxxx5147
P.O. Box 2908
Phoenix, Arizona 85062-2908


Wells Fargo Bank, N.A.
xxxxxx5147
P.O. Box 2908
Phoenix, Arizona 85062-2908


Wells Fargo Home Mortgage
P.O. Box 10368
Des Moines, IA 50306-0368


Wells Fargo Home Mortgage
MAC X7801-03K
3476 Stateview Boulevard
Fort Mill, South Carolina 29715

04/07/2010 08:52:17am

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA
## YUMA DIVISION

IN RE: **David Waldron, Debtor**  CASE NO  **0:10-bk-03144**
**Maria Waldron, Joint Debtor**

CHAPTER  **13**

## PROPOSED PAYMENT SCHEDULE FOR CHAPTER 13 PLAN (PRO FORMA)

*The following payment schedule is a projection of the anticipated payments to be made to the creditors under the plan. This Pro Forma serves as support documentation to the debtor's proposed plan. Actual distributions by the Chapter 13 Trustee may vary.*

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 1 | MONTH 2 | MONTH 3 | MONTH 4 | MONTH 5 | MONTH 6 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 7 | MONTH 8 | MONTH 9 | MONTH 10 | MONTH 11 | MONTH 12 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 13 | MONTH 14 | MONTH 15 | MONTH 16 | MONTH 17 | MONTH 18 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 19 | MONTH 20 | MONTH 21 | MONTH 22 | MONTH 23 | MONTH 24 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 25 | MONTH 26 | MONTH 27 | MONTH 28 | MONTH 29 | MONTH 30 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA
## YUMA DIVISION

IN RE: **David Waldron, Debtor**  CASE NO **0:10-bk-03144**
**Maria Waldron, Joint Debtor**
CHAPTER **13**

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 31 | MONTH 32 | MONTH 33 | MONTH 34 | MONTH 35 | MONTH 36 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 37 | MONTH 38 | MONTH 39 | MONTH 40 | MONTH 41 | MONTH 42 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 43 | MONTH 44 | MONTH 45 | MONTH 46 | MONTH 47 | MONTH 48 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 49 | MONTH 50 | MONTH 51 | MONTH 52 | MONTH 53 | MONTH 54 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 | $266.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** | **$1,827.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 55 | MONTH 56 | MONTH 57 | MONTH 58 | MONTH 59 | MONTH 60 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Carl Urich | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank, N.A. | | (Long-Term Debt) | | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 | $1,561.00 |
| Wells Fargo Bank, N.A. | $13,529.00 | 4.00% | $1,320.30 | $266.00 | $219.30 | $0.00 | $0.00 | $0.00 | $0.00 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| NEW BALANCE: | | | | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 | $2,030.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$1,827.00** | **$1,780.30** | **$1,561.00** | **$1,561.00** | **$1,561.00** | **$1,561.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $46.70 | $266.00 | $266.00 | $266.00 | $266.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 | $203.00 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |